# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| LEGACY CARTER,<br><br>    Plaintiff,<br> v.<br><br>DEPARTMENT OF CORRECTIONS,<br><br>    Defendant. | Case No. 3:23-cv-00199-SLG |
| LEGACY CARTER,<br><br>    Plaintiff,<br> v.<br><br>THE ANCHORAGE POLICE DEPARTMENT,<br><br>    Defendant. | Case No. 3:23-cv-00200-SLG |
| LEGACY CARTER,<br><br>    Plaintiff,<br> v.<br><br>THE DISTRICT COURT OF ANCHORAGE,<br><br>    Defendant. | Case No. 3:23-cv-00209-SLG |
| LEGACY CARTER,<br><br>    Plaintiff,<br> v.<br><br>THE DISTRICT COURT OF ANCHORAGE,<br><br>    Defendant. | Case No. 3:23-cv-00214-SLG |

LEGACY CARTER,

        Plaintiff,

   v.

DENALI LAW GROUP,

        Defendant.

Case No. 3:23-cv-00215-SLG

## STANDING ORDER FOR SELF-REPRESENTED LITIGANTS

The Clerk has received filings from self-represented litigant Legacy Carter, including motions to waive the filing fee, that have been docketed and assigned case numbers in the Case Management/Electronic Case Files (CM/ECF) system, as set forth above. Docketed items are the official court record. As required by federal law, the Court will review the filings and issue a Screening Order in each case that will indicate whether that case may proceed in the federal district court.

**Please note: It can take anywhere from a few weeks to a few months for the Court to issue a Screening Order, depending on how many cases are filed with the Court at any given time. Typically, cases are screened in the order in which they are received by the Court.**

This order is intended to provide general information about civil litigation to self-represented litigants. It is not a substitute for legal advice from an attorney. While the Court may act with leniency towards a self-represented litigant, attorneys and

Case No. 3:23-cv-00199-SLG, *Carter v. Department of Corrections*
Case No. 3:23-cv-00200-SLG, *Carter v. Anchorage Police Department*
Case No. 3:23-cv-00209-SLG, *Carter v. District Court of Anchorage*
Case No. 3:23-cr-00214-SLG, *Carter v. District Court of Anchorage*
Case No. 3:23-cv-00215-SLG, *Carter v. Denali Law Group*
Standing Order for Self-Represented Litigants (Non-Prisoner)
Page 2 of 7

Case 3:23-cv-00200-SLG   Document 4   Filed 09/27/23   Page 2 of 7

self-represented litigants are expected to follow the same rules and procedures.[1] Until a Screening Order has been issued, the Court discourages the filing of any motions or additional documents with the Court. The Court cautions that filing unnecessary motions or other documents or attempts to serve other parties without guidance from the Court, may result in the summary denial of motions, orders prohibiting such filings, or delay in the litigation.

In all civil cases in which a self-represented litigant has filed a motion to waive the filing fee, federal law requires the federal district court to screen the claims made in the complaint. Under 28 U.S.C. §§ 1915, 1915A (the screening laws), a complaint must be dismissed if the action is:

- frivolous or malicious;

- fails to state a claim on which relief may be granted; or

- seeks monetary relief from a defendant who is immune from such relief.

If the Court finds your filing deficient, the Court may provide a statement of the deficiencies and guidance on to how to fix them and give you an opportunity to file an amended complaint. However, if the Court finds that the deficiencies cannot be

---

[1] *Motoyama v. Hawaii, Dept. of Transp.*, 864 F. Supp. 2d 965, 976 (2012); *see also King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987), *overruled on other grounds by Lacey v. Maricopa Cty.*, 693 F.3d 896 (9th Cir. 2012) (establishing self-represented litigants are bound by the same procedural rules as represented parties).

Case No. 3:23-cv-00199-SLG, *Carter v. Department of Corrections*
Case No. 3:23-cv-00200-SLG, *Carter v. Anchorage Police Department*
Case No. 3:23-cv-00209-SLG, *Carter v. District Court of Anchorage*
Case No. 3:23-cr-00214-SLG, *Carter v. District Court of Anchorage*
Case No. 3:23-cv-00215-SLG, *Carter v. Denali Law Group*
Standing Order for Self-Represented Litigants (Non-Prisoner)
Page 3 of 7

Case 3:23-cv-00200-SLG   Document 4   Filed 09/27/23   Page 3 of 7

fixed, the Court may dismiss the case without any further notice to you, or it may give you an opportunity to voluntarily withdraw your complaint.[2]

If the Court finds that plausible claims exist in the complaint, then the case can proceed to the next stage of litigation. The Court will then issue an Order Directing Service that will explain the requirements of completing service of a Court-issued summons and the complaint on each opposing party. The complaint must not be served on any opposing party until the Court so orders. All service must be completed in compliance with Rule 4 of the Federal Rules of Civil Procedure.

**IT IS THEREFORE ORDERED:**

1. Self-represented litigants are expected to review and comply with the Federal Rules of Civil Procedure, the Local Civil Rules, and all Court orders.[3] Failure to do so may result in the imposition of sanctions authorized by law, including dismissal of the case.

2. Self-represented litigants must be ready to diligently pursue the case to completion. Missing a deadline or otherwise failing to pursue a case may result in the dismissal of the case.

---

[2] *Hartmann v. California Dep't of Corr. & Rehab.*, 707 F.3d 1114, 1130 (9th Cir. 2013) ("A district court may deny leave to amend when amendment would be futile.").

[3] Federal Rules of Civil Procedure: https://www.uscourts.gov/rules-policies/current-rules-practice-procedure/federal-rules-civil-procedure; Court's Local Rules: https://www.akd.uscourts.gov/court-info/local-rules-and-orders/local-rules.

Case No. 3:23-cv-00199-SLG, *Carter v. Department of Corrections*
Case No. 3:23-cv-00200-SLG, *Carter v. Anchorage Police Department*
Case No. 3:23-cv-00209-SLG, *Carter v. District Court of Anchorage*
Case No. 3:23-cr-00214-SLG, *Carter v. District Court of Anchorage*
Case No. 3:23-cv-00215-SLG, *Carter v. Denali Law Group*
Standing Order for Self-Represented Litigants (Non-Prisoner)
Page 4 of 7

Case 3:23-cv-00200-SLG   Document 4   Filed 09/27/23   Page 4 of 7

3. At all times, all parties shall keep the Court informed of any change of address or phone number. Such notice shall be titled "Notice of Change of Address." The Notice shall contain only information about the change of address, and its effective date.[4] The Notice shall not include requests for any other relief. A Notice of Change of Address form, PS23, may be obtained from the Clerk of Court, if needed. If a plaintiff fails to keep a current address on file with the Court, that may result in dismissal of the case without further notice.

4. When the Court receives a filing from a self-represented litigant, the Clerk's Office will mail a Notice of Electronic Filing ("NEF") from the Court that indicates when the document was filed and the docket number of the document in the electronic case file for the case.

5. All litigants are responsible for keeping copies of everything filed with the Court. As a courtesy, the Clerk's Office will keep original filings from self-represented litigants, including exhibits, for 180 days from the date the document was filed. However, litigants should not send important original documents or documents that cannot be replaced to the Court.

---

[4] *See* Local Civil Rule 11.1(b) (requiring a notice of change of address to be filed, as "[s]elf-represented parties must keep the court and other parties advised of the party's current address and telephone number.").

Case No. 3:23-cv-00199-SLG, *Carter v. Department of Corrections*
Case No. 3:23-cv-00200-SLG, *Carter v. Anchorage Police Department*
Case No. 3:23-cv-00209-SLG, *Carter v. District Court of Anchorage*
Case No. 3:23-cr-00214-SLG, *Carter v. District Court of Anchorage*
Case No. 3:23-cv-00215-SLG, *Carter v. Denali Law Group*
Standing Order for Self-Represented Litigants (Non-Prisoner)
Page 5 of 7

Case 3:23-cv-00200-SLG   Document 4   Filed 09/27/23   Page 5 of 7

> If an original must be returned, a Motion for Return of Document should be filed as soon as possible.

6. Copies of documents filed with the Court may be obtained from the Clerk's Office for $0.50 per page.[5] There is no charge for viewing case information or documents at courthouse public access terminals. Documents printed from the public access kiosk cost $0.10 per page. Litigants also may set up their own account for online access to electronic records through the Public Access to Court Electronic Records (PACER) service. If a plaintiff chooses to access court records electronically through PACER, the fee is $0.10 per page retrieved, and the charge for any single document has a cap of $3.00, which is equivalent to 30 pages.[6] PACER does not charge for access until an account holder accrues charges of more than $30.00 in a quarterly billing cycle.[7] In the event of special circumstances or serious financial need,

---

[5] Alaska Local Civil Rule 79.2(b).

[6] PACER, Electronic Public Access Fee Schedule, https://www.uscourts.gov/services-forms/fees/electronic-public-access-fee-schedule (last accessed June 27, 2023).

[7] PACER, Pricing Frequently Asked Questions, https://pacer.uscourts.gov/help/faqs/pricing (last accessed June 27, 2023).

Case No. 3:23-cv-00199-SLG, *Carter v. Department of Corrections*
Case No. 3:23-cv-00200-SLG, *Carter v. Anchorage Police Department*
Case No. 3:23-cv-00209-SLG, *Carter v. District Court of Anchorage*
Case No. 3:23-cr-00214-SLG, *Carter v. District Court of Anchorage*
Case No. 3:23-cv-00215-SLG, *Carter v. Denali Law Group*
Standing Order for Self-Represented Litigants (Non-Prisoner)
Page 6 of 7

a litigant may file a motion asking for the copying costs to be waived or reduced prior to accruing charges.[8]

7. All case-related inquiries should be directed to the Clerk's Office. It is not permissible to write, telephone, or otherwise try to directly communicate with the judge assigned to your case. Contact the Clerk's Office for questions regarding procedure or assistance accessing legal forms and resources. Please be advised that Clerk's Office staff are prohibited by law from providing legal advice.

8. The Clerk of Court is directed to send the District Court's handbook, "REPRESENTING YOURSELF IN ALASKA'S FEDERAL COURT" with this order.

DATED this 27th day of September, 2023 at Anchorage, Alaska.

*/s/ Sharon L. Gleason*
UNITED STATES DISTRICT JUDGE

---

[8] *Cf.* Local Rule 3.1(c)(3) (requiring applications to proceed without paying the filing fee be "fully completed signed ***before*** an application to waive prepayment of fees will be considered.") (emphasis added). *See also* PACER, Options to Access Records if you Cannot Afford PACER Fees, https://pacer.uscourts.gov/my-account-billing/billing/options-access-records-if-you-cannot-afford-pacer-fees (last accessed June 27, 2023).

Case No. 3:23-cv-00199-SLG, *Carter v. Department of Corrections*
Case No. 3:23-cv-00200-SLG, *Carter v. Anchorage Police Department*
Case No. 3:23-cv-00209-SLG, *Carter v. District Court of Anchorage*
Case No. 3:23-cr-00214-SLG, *Carter v. District Court of Anchorage*
Case No. 3:23-cv-00215-SLG, *Carter v. Denali Law Group*
Standing Order for Self-Represented Litigants (Non-Prisoner)
Page 7 of 7
Case 3:23-cv-00200-SLG   Document 4   Filed 09/27/23   Page 7 of 7