# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| LEGACY CARTER,<br><br>        Plaintiff,<br>  v.<br><br>DEPARTMENT OF CORRECTIONS,<br><br>        Defendant. | Case No. 3:23-cv-00199-SLG |
| LEGACY CARTER,<br><br>        Plaintiff,<br>  v.<br><br>THE ANCHORAGE POLICE DEPARTMENT,<br><br>        Defendant. | Case No. 3:23-cv-00200-SLG |
| LEGACY CARTER,<br><br>        Plaintiff,<br>  v.<br><br>THE DISTRICT COURT OF ANCHORAGE,<br><br>        Defendant. | Case No. 3:23-cv-00209-SLG |
| LEGACY CARTER,<br><br>        Plaintiff,<br>  v.<br><br>THE DISTRICT COURT OF ANCHORAGE,<br><br>        Defendant. | Case No. 3:23-cv-00214-SLG |

| | |
|---|---|
| LEGACY CARTER,<br><br>            Plaintiff,<br>    v.<br><br>DENALI LAW GROUP,<br><br>            Defendant. | Case No. 3:23-cv-00215-SLG |

## SCREENING ORDER

Pending before the Court are the five above-captioned civil actions filed by self-represented litigant Legacy Carter ("Plaintiff"). Plaintiff filed applications to proceed without paying the filing fee in each case. Upon the Court's review, these cases have similar deficiencies and some contain overlapping allegations. Therefore, these actions will be screened collectively pursuant to 28 U.S.C. §§ 1915(e) and 1915A.

## SCREENING STANDARD

Federal law requires a court to conduct an initial screening of a civil complaint filed by a self-represented litigant seeking to proceed in a lawsuit in federal court without paying the filing fee.[1] In this screening, a court shall dismiss the case at any time if the court determines that the action:

    (i)     is frivolous or malicious;

    (ii)    fails to state a claim on which relief may be granted; or

---

[1] *See, e.g., Lopez v. Smith*, 203 F.3d 1122, 1126 n.7 (9th Cir. 2000).

Case No. 3:23-cv-00199-SLG, *Carter v. Department of Corrections*
Case No. 3:23-cv-00200-SLG, *Carter v. Anchorage Police Department*
Case No. 3:23-cv-00209-SLG, *Carter v. District Court of Anchorage*
Case No. 3:23-cv-00214-SLG, *Carter v. District Court of Anchorage*
Case No. 3:23-cv-00215-SLG, *Carter v. Denali Law Group*
Screening Order
Page 2 of 16
Case 3:23-cv-00200-SLG   Document 5   Filed 12/12/23   Page 2 of 16

> (iii) seeks monetary relief against a defendant who is immune from such relief.[2]

To determine whether a complaint states a valid claim for relief, courts consider whether the complaint contains sufficient factual matter that, if accepted as true, "state[s] a claim to relief that is plausible on its face."[3] Rule 8 of the Federal Rules of Civil Procedure instructs that a complaint must contain a "short and plain statement of the claim showing that the [complainant] is entitled to relief[.]"[4] While a complaint need not, and should not, contain every factual detail, "unadorned, the defendant-unlawfully-harmed-me accusation[s]" are insufficient to state a claim.[5] A complaint is insufficiently plead if it offers "naked assertions devoid of further factual enhancement."[6]

In conducting its screening review, a court must liberally construe a self-represented plaintiff's pleading and give the plaintiff the benefit of the doubt.[7] Before

---

[2] 28 U.S.C. § 1915(e)(2)(B); *see also* 28 U.S.C. § 1915A(a), (b).

[3] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). In making this determination, a court may consider "materials that are submitted with and attached to the Complaint." *United States v. Corinthian Colleges*, 655 F.3d 984, 999 (9th Cir. 2011) (citing *Lee v. L.A.*, 250 F.3d 668, 688 (9th Cir. 2001)).

[4] Fed. R. Civ. P. 8(a)(2).

[5] Id.

[6] *Id.* (internal citations and quotations omitted).

[7] *See Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (citing *Bretz v. Kelman*, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985) (en banc)).

Case No. 3:23-cv-00199-SLG, *Carter v. Department of Corrections*
Case No. 3:23-cv-00200-SLG, *Carter v. Anchorage Police Department*
Case No. 3:23-cv-00209-SLG, *Carter v. District Court of Anchorage*
Case No. 3:23-cv-00214-SLG, *Carter v. District Court of Anchorage*
Case No. 3:23-cv-00215-SLG, *Carter v. Denali Law Group*
Screening Order
Page 3 of 16

Case 3:23-cv-00200-SLG   Document 5   Filed 12/12/23   Page 3 of 16

a court may dismiss any portion of a complaint for failure to state a claim upon which relief may be granted, the court must provide the plaintiff with a statement of the deficiencies in the complaint and an opportunity to amend or otherwise address the deficiencies, unless to do so would be futile.[8]

## DISCUSSION

In addition to the cases pending before the Court, Plaintiff has filed seven civil complaints in state court in 2023.[9] Plaintiff also has two open state criminal cases.[10] The Court takes judicial notice[11] of Plaintiff's cases in state court to the extent they are relevant herein. The Court also notes Plaintiff's name was legally changed from Russell James Shannon to Legacy Foster Carter, effective July 1, 2023,[12] so Plaintiff is identified as Russell James Shannon in some of the previous cases.

---

[8] *See Gordon v. City of Oakland*, 627 F.3d 1092, 1094 (9th Cir. 2010) (citing *Albrecht v. Lund*, 845 F.2d 193, 195 (9th Cir. 1988)).

[9] *Carter v. State of Alaska BKC,* Case No. 3AN-23-06573CI (medical malpractice); *Carter vs. State of Alaska PSW,* Case No. 3AN-23-06571CI (other malpractice); *Carter v. State of Alaska UG,* Case No. 3AN-23-06575CI (other); *Carter v. State of Alaska LH,* Case No. 3AN-23-06613CI (other); *Carter, Legacy Foster vs. Northstar Behavioral Health BKC,* Case No. 3AN-23-06614CI (medical malpractice); *Carter v. OCS,* Case No. 3AN-23-06710CI (other malpractice); *Carter v. Anchorage Police Department,* Case No. 3AN-23-06845CI (legal malpractice).

[10] Docket records of the Alaska Trial Courts and the Alaska Appellate Courts may be accessed online at https://courts.alaska.gov/main/search-cases.htm.

[11] Judicial notice is the "court's acceptance, for purposes of convenience and without requiring a party's proof, of a well-known and indisputable fact; the court's power to accept such a fact." BLACK'S LAW DICTIONARY (11th ed. 2019). *See also Headwaters Inc. v. U.S. Forest Service,* 399 F.3d 1047, 1051 n.3 (9th Cir. 2005) ("Materials from a proceeding in another tribunal are appropriate for judicial notice.") (internal quotation marks and citation omitted).

[12] In the Matter of: Shannon, Russell James New Name: Carter, Legacy Foster IW, Case No. 3AN-

Case No. 3:23-cv-00199-SLG, *Carter v. Department of Corrections*
Case No. 3:23-cv-00200-SLG, *Carter v. Anchorage Police Department*
Case No. 3:23-cv-00209-SLG, *Carter v. District Court of Anchorage*
Case No. 3:23-cv-00214-SLG, *Carter v. District Court of Anchorage*
Case No. 3:23-cv-00215-SLG, *Carter v. Denali Law Group*
Screening Order
Page 4 of 16

Case 3:23-cv-00200-SLG   Document 5   Filed 12/12/23   Page 4 of 16

I. **Civil Rights Actions**

To state a claim for relief under 42 U.S.C. § 1983 ("Section 1983"), a plaintiff must allege plausible facts that, if proven, would establish (1) the defendant acting under color of state law (2) deprived the plaintiff of rights secured by the federal Constitution or federal statutes.[13] To act under color of state law, a complaint must allege that the defendant acted with state authority as a state actor.[14] To be deprived of a right, the defendant's action needs to either violate rights guaranteed by the Constitution or an enforceable right created by federal law.[15] Section 1983 does not confer constitutional or federal statutory rights. Instead, it provides a mechanism for remedying violations of pre-existing federal rights.[16]

A defendant in a civil rights lawsuit must be a "person."[17] A person acting under the color of state law "'subjects' another to the deprivation of a constitutional right, within the meaning of Section 1983, if the person does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally

---

23-05513CI. See also Carter v. State of Alaska, et al., Case No. 3:23-cv-00126-SLG, Docket 5.

[13] *Gibson v. United States*, 781 F.2d 1334, 1338 (9th Cir. 1986).

[14] *West v. Atkins*, 487 U.S. 42, 49 (1988) (quoting *United States v. Classic*, 313 U.S. 299, 326 (1941)).

[15] *Buckley v. City of Redding*, 66 F. 3d 188, 190 (9th Cir. 1995); *Blessing v. Freestone*, 520 U.S. 329, 340-41 (1997).

[16] *Graham v. Connor*, 490 U.S. 386, 393–94 (1989).

[17] 42 U.S.C. § 1983.

Case No. 3:23-cv-00199-SLG, *Carter v. Department of Corrections*
Case No. 3:23-cv-00200-SLG, *Carter v. Anchorage Police Department*
Case No. 3:23-cv-00209-SLG, *Carter v. District Court of Anchorage*
Case No. 3:23-cv-00214-SLG, *Carter v. District Court of Anchorage*
Case No. 3:23-cv-00215-SLG, *Carter v. Denali Law Group*
Screening Order
Page 5 of 16
Case 3:23-cv-00200-SLG    Document 5    Filed 12/12/23    Page 5 of 16

required to do that causes the deprivation of which complaint is made."[18] A person who acted under color of state law and caused a violation of federal rights may be sued in either an "individual" or "official" capacity. A defendant sued in an individual capacity may be held liable for monetary damages.[19] But a defendant sued in an official capacity may not be sued for damages, only for injunctive relief.[20] A plaintiff must allege that he or she suffered a specific injury as a result of the conduct of a particular defendant, and the plaintiff must allege an affirmative link between the injury and the conduct of that defendant.[21]

## II. Screening Review of Plaintiff's Five Complaints

### A. Case No. 3:23-cv-00199-SLG, *Carter v. Department of Corrections*

In *Carter v. Department of Corrections*, Plaintiff alleges that correctional officers "caus[ed] mental health issues." The Complaint alleges that Plaintiff has been held on suicide protocols multiple times but an incident on July 23, 2023 "went too far."[22] For relief, Plaintiff requests damages of $50 million.[23]

---

[18] *Johnson v. Duffy,* 588 F.2d 740, 743 (9th Cir. 1978).

[19] *See Mitchell v. Washington*, 818 F.3d 436, 442 (9th Cir. 2016).

[20] Will v. Mich. Dep't of State Police, 491 U.S. 58, 71 n.10 (1989).

[21] *See Rizzo v. Goode*, 423 U.S. 362, 371-72, 377 (1976).

[22] *Carter v. Department of Corrections*, Case No. 3:23-cv-00199-SLG, Docket 1 at 2.

[23] *Id.* at Docket 1 at 6.

Case No. 3:23-cv-00199-SLG, *Carter v. Department of Corrections*
Case No. 3:23-cv-00200-SLG, *Carter v. Anchorage Police Department*
Case No. 3:23-cv-00209-SLG, *Carter v. District Court of Anchorage*
Case No. 3:23-cv-00214-SLG, *Carter v. District Court of Anchorage*
Case No. 3:23-cv-00215-SLG, *Carter v. Denali Law Group*
Screening Order
Page 6 of 16
Case 3:23-cv-00200-SLG   Document 5   Filed 12/12/23   Page 6 of 16

The Eleventh Amendment to the U.S. Constitution gives states sovereign immunity, which prohibits lawsuits against a state or the "arms of the state" (the State's governmental branches, divisions, offices, and departments), unless the State or agency agrees to waive its immunity.[24] Further, the State of Alaska and state agencies are not considered "persons" under Section 1983.[25] Therefore, Plaintiff cannot maintain a Section 1983 claim in federal court against the Department of Corrections. Further, although Plaintiff wrote "Correctional Officers" in the Complaint,[26] the Complaint does not identify a particular individual or allege a causal link between an injury and the conduct of that specific defendant. Therefore, Plaintiff has not stated a plausible claim against any correctional officer.

The Court grants Plaintiff leave to file an amended complaint in Case No. 3:23-cv-00199-SLG. In any amended complaint, Plaintiff must not identify the Department of Corrections as a defendant; rather, an amended complaint must identify as a defendant each correctional officer that Plaintiff is alleging caused an injury on July 23, 2023, and must briefly describe the nature of the injury that each defendant

---

[24] *Alabama v. Pugh,* 348 U.S. 781 (1978); *In re New York*, 256 U.S. 490, 497 (1921); *see also Hans v. Louisiana*, 134 U.S. 1, 15 (1890).

[25] *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 64 (1989) (holding that the term "person" as used in § 1983 does not include a State or State agency).

[26] *Carter v. Department of Corrections,* Case No. 3:23-cv-00199-SLG, Docket 1 at 3.

Case No. 3:23-cv-00199-SLG, *Carter v. Department of Corrections*
Case No. 3:23-cv-00200-SLG, *Carter v. Anchorage Police Department*
Case No. 3:23-cv-00209-SLG, *Carter v. District Court of Anchorage*
Case No. 3:23-cv-00214-SLG, *Carter v. District Court of Anchorage*
Case No. 3:23-cv-00215-SLG, *Carter v. Denali Law Group*
Screening Order
Page 7 of 16
Case 3:23-cv-00200-SLG   Document 5   Filed 12/12/23   Page 7 of 16

caused, what each specific defendant(s) did to cause that injury, and where and when the wrongful conduct occurred.

## B. Case No. 3:23-cv-00200-SLG, *Carter v. The Anchorage Police Department*

The Complaint in *Carter v. The Anchorage Police Department* alleges that the Anchorage Police Department injured Plaintiff's rib cage on or about May 30, 2022.[27] For relief, Plaintiff seeks $50 million in damages.[28]

A municipal police department is not a "person" within the meaning of Section 1983. However, a municipality, such as the Municipality of Anchorage, is a "person" for purposes of Section 1983 and may be sued for damages.[29] But to state a claim against a municipality under Section 1983, a plaintiff must allege facts that, if proven, would establish that the plaintiff's constitutional rights were violated pursuant to a policy or custom of the municipality.[30] Thus, a municipality may not be sued under Section 1983 solely because an injury was inflicted by one of its employees, including its police officers.[31] Rather, a Section 1983 claim against a municipal defendant

---

[27] *Carter v. The Anchorage Police Department,* Case No. 3:23-cv-00200-SLG, Docket 1 at 3.

[28] *Id.,* Docket 1 at 7.

[29] Monell v. Dep't of Soc. Servs., 436 U.S. 658, 694 (1978).

[30] *Cortez v. County of Los Angeles,* 294 F.3d 1186, 1188 (9th Cir. 2001) (citing *Monell,* 436 U.S. at 690–91).

[31] *Long v. County of Los Angeles,* 442 F.3d 1178, 1185 (9th Cir. 2006).

Case No. 3:23-cv-00199-SLG, *Carter v. Department of Corrections*
Case No. 3:23-cv-00200-SLG, *Carter v. Anchorage Police Department*
Case No. 3:23-cv-00209-SLG, *Carter v. District Court of Anchorage*
Case No. 3:23-cv-00214-SLG, *Carter v. District Court of Anchorage*
Case No. 3:23-cv-00215-SLG, *Carter v. Denali Law Group*
Screening Order
Page 8 of 16
Case 3:23-cv-00200-SLG   Document 5   Filed 12/12/23   Page 8 of 16

"cannot succeed as a matter of law" unless a plaintiff plausibly alleges facts that, if proven, would establish (1) that the municipal defendant maintains a policy or custom pertinent to the plaintiff's alleged injury; and (2) explains how such policy or custom caused the plaintiff's injury.[32]

The Anchorage Police Department is not a proper defendant. To the extent Plaintiff seeks to sue the Municipality of Anchorage, the Complaint does not plausibly allege any facts that, if proven, would demonstrate that the Municipality of Anchorage maintained a policy or custom that resulted in the violation of Plaintiff's federal constitutional rights or explain how Plaintiff's injuries were caused by a specific municipal policy or custom. For these reasons, the Complaint fails to state a claim against the Anchorage Police Department or the Municipality of Anchorage and must be dismissed.

However, the Court grants Plaintiff leave to file an amended complaint in Case No. 3:23-cv-00200-SLG. A plaintiff may file an excessive force claim against a police officer or officers, so long as a successful civil rights action would not necessarily imply the invalidity of a criminal conviction.[33] To plausibly allege such a claim, an

---

[32] *Sadoski v. Mosley,* 435 F.3d 1076, 1080 (9th Cir.2006) (affirming dismissal of a municipal defendant pursuant to Fed. R. Civ. P. 12(b)(6)).

[33] *Lemos v. Cnty. of Sonoma*, 40 F.4th 1002, 1006 (9th Cir.), *cert. denied sub nom. Cnty. of Sonoma, California v. Lemos,* 143 S. Ct. 429 (2022). *But see Price v. Galiu,* 723 F. App'x 557 (9th Cir. 2018) (explaining the allegations in the complaint were "not sufficient to show that his excessive force claim is distinct from the incident that led to his conviction for resisting an officer").

Case No. 3:23-cv-00199-SLG, *Carter v. Department of Corrections*
Case No. 3:23-cv-00200-SLG, *Carter v. Anchorage Police Department*
Case No. 3:23-cv-00209-SLG, *Carter v. District Court of Anchorage*
Case No. 3:23-cv-00214-SLG, *Carter v. District Court of Anchorage*
Case No. 3:23-cv-00215-SLG, *Carter v. Denali Law Group*
Screening Order
Page 9 of 16

Case 3:23-cv-00200-SLG   Document 5   Filed 12/12/23   Page 9 of 16

amended complaint must identify each individual defendant and describe where, how, and under what circumstances Plaintiff's rib cage was injured on May 30, 2022, by one or more police officers.

### C. Case No. 3:23-cv-00214-SLG, *Carter v. The District Court of Anchorage*

In this case, Plaintiff again asserts that a rib cage injury was caused by the Anchorage Police Department on May 30, 2022. It is unclear why Plaintiff filed a separate complaint that names the District Court of Anchorage as a defendant for such a claim. In any event, the Alaska Court System—including the District Court for the State of Alaska, Third Judicial District at Anchorage—is not considered a person under Section 1983. Therefore, Plaintiff cannot maintain this claim against the District Court of Anchorage. Further, because this claim appears to be duplicative of the claim in 3:23-cv-00200-SLG discussed above, the Complaint in this case will be dismissed without leave to amend and a final judgment entered in Case No. 3:23-cv-00214-SLG.

### D. Case No. 3:23-cv-00209-SLG, *Carter v. The District Court of Anchorage*

Claim 1 of this Complaint alleges that on or about May 22, 2020, Plaintiff was subject to false arrest in *Municipality of Anchorage v. Shannon,* Case No. 3AN-20-

Case No. 3:23-cv-00199-SLG, *Carter v. Department of Corrections*
Case No. 3:23-cv-00200-SLG, *Carter v. Anchorage Police Department*
Case No. 3:23-cv-00209-SLG, *Carter v. District Court of Anchorage*
Case No. 3:23-cv-00214-SLG, *Carter v. District Court of Anchorage*
Case No. 3:23-cv-00215-SLG, *Carter v. Denali Law Group*
Screening Order
Page 10 of 16
Case 3:23-cv-00200-SLG   Document 5   Filed 12/12/23   Page 10 of 16

04077CR.³⁴  In Claim 2, Plaintiff alleges that on or about December 10, 2020, false statements were made in *Municipality of Anchorage v. Shannon,* Case No. 3AN-20-09565CR.³⁵  The Complaint claims Plaintiff was falsely convicted and seeks damages of $20 million.³⁶

In order to recover money damages for an allegedly unconstitutional conviction, a plaintiff must prove that the conviction has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus.³⁷  Plaintiff has not made any such showing with respect to either of these convictions.  Moreover, as discussed above, the District Court of Anchorage is not a proper defendant for these claims.  Therefore, this Complaint must be dismissed.  Further, since it is clear from the state court docket that these convictions have not been set aside, permitting leave to amend would be futile and the Complaint in 3:23-cv-00209-SLG must be dismissed without leave to amend and a final judgment entered.³⁸

---

³⁴ *Carter v. The District Court of Anchorage,* Case No. 3:23-cv-00209-SLG, Docket 1 at 3. *See also Municipality of Anchorage v. Shannon,* Case No. 3AN-20-04077CR, Date of Offense: May 22, 2020.

³⁵ *Id.*, Docket 1 at 4. *See also Municipality of Anchorage v. Shannon,* Case No. 3AN-20-09565CR, Date of Offense: December 9, 2020.

³⁶ *Id.,* Docket 1 at 7.

³⁷ *Heck v. Humphrey*, 512 U.S. 477, 486–87 (1944).

³⁸ A person convicted by a state court may also file a petition for habeas corpus relief in federal court

Case No. 3:23-cv-00199-SLG, *Carter v. Department of Corrections*
Case No. 3:23-cv-00200-SLG, *Carter v. Anchorage Police Department*
Case No. 3:23-cv-00209-SLG, *Carter v. District Court of Anchorage*
Case No. 3:23-cv-00214-SLG, *Carter v. District Court of Anchorage*
Case No. 3:23-cv-00215-SLG, *Carter v. Denali Law Group*
Screening Order
Page 11 of 16
Case 3:23-cv-00200-SLG   Document 5   Filed 12/12/23   Page 11 of 16

### E. Case No. 3:23-cv-00215-SLG, *Carter v. Denali Law Group*

In *Carter v. Denali Law Group*, Plaintiff claims he was falsely convicted in state court on September 8, 2021, and seeks damages of $20 million.[39]

The Denali Law Group is a private law firm that has represented Plaintiff in state court criminal cases.[40] Even if an attorney from the Denali Law Group was appointed by a court to represent Plaintiff in a state court proceeding, the attorney is "as a matter of law, ... not a state actor" for purposes of Section 1983.[41] Therefore, Plaintiff cannot maintain a civil rights claim in federal court against the Denali Law Group or any specific criminal defense attorney. Because permitting amendment of this Complaint would be futile, the Complaint in 3:23-cv-00215-SLG must be dismissed without leave to amend and a final judgment entered.

---

seeking release from custody, as opposed to money damages. *See* 28 U.S.C. § 2254. Habeas petitions are subject to strict procedural requirements, including proper exhaustion of all available state court remedies, before a petition may proceed in federal court. Here, the state court docket reveals that in both cases the Complaint cited to, Plaintiff was convicted after pleading no contest. *See Municipality of Anchorage v. Shannon,* Case No. 3AN-20-04077CR, Docket 09/08/2021 ("Guilty Conviction After No Contest Plea"); *Municipality of Anchorage v. Shannon,* Case No. 3AN-20-09565CR, Docket 09/08/2021 ("Guilty Conviction After No Contest Plea."). Generally, one who has voluntarily and intelligently pled guilty to a criminal charge may not subsequently seek federal habeas relief based on alleged pre-plea constitutional violations. *Mitchell v. Superior Ct. for Santa Clara Cnty., State of Cal.,* 632 F.2d 767 (9th Cir. 1980).

[39] *Carter v. Denali Law Group,* Case No. 3:23-cv-00215-SLG, Docket 1 at 7.

[40] *See, e.g., Municipality of Anchorage v. Shannon,* Case No. 3AN-23-05405CR.

[41] *See Miranda v. Clark County, Nevada*, 319 F.3d 465, 468 (9th Cir. 2003), *cert. denied*, 540 U.S. 814 (2003).

Case No. 3:23-cv-00199-SLG, *Carter v. Department of Corrections*
Case No. 3:23-cv-00200-SLG, *Carter v. Anchorage Police Department*
Case No. 3:23-cv-00209-SLG, *Carter v. District Court of Anchorage*
Case No. 3:23-cv-00214-SLG, *Carter v. District Court of Anchorage*
Case No. 3:23-cv-00215-SLG, *Carter v. Denali Law Group*
Screening Order
Page 12 of 16

Case 3:23-cv-00200-SLG   Document 5   Filed 12/12/23   Page 12 of 16

## CONCLUSION

Plaintiff is accorded 30 days from the date of this order to file amended complaints in Case Nos. 3:23-cv-00199-SLG and 3:23-cv-00200-SLG only. The other three cases will be terminated at this time for the reasons set forth herein. An amended complaint replaces the prior complaint in its entirety.[42] Any claim not included in the amended complaint will be considered waived. However, an amended complaint need only contain a "short and plain statement of the claim showing that the pleader is entitled to relief."[43] An amended complaint need not contain legal research or analysis, but it must contain sufficient facts that state a plausible claim for relief. A claim is "plausible" when the facts alleged support a reasonable inference that the plaintiff is entitled to relief from a specific defendant for specific misconduct. An amended complaint should not contain a narrative and it need not contain or have attached to it medical records or other documentation.

Although Plaintiff is being given the opportunity to file an amended complaint in two of these cases, the amended complaints shall not unjustifiably expand the scope of the case by alleging new unrelated claims.[44] An amended complaint may not include any claims or defendants for which Plaintiff lacks a sufficient legal or

---

[42] *See* Fed. R. Civ. P. 15; Local Civil Rule 15.1.

[43] Fed. R. Civ. P. 8(a)(2).

[44] *See George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007).

Case No. 3:23-cv-00199-SLG, *Carter v. Department of Corrections*
Case No. 3:23-cv-00200-SLG, *Carter v. Anchorage Police Department*
Case No. 3:23-cv-00209-SLG, *Carter v. District Court of Anchorage*
Case No. 3:23-cv-00214-SLG, *Carter v. District Court of Anchorage*
Case No. 3:23-cv-00215-SLG, *Carter v. Denali Law Group*
Screening Order
Page 13 of 16

Case 3:23-cv-00200-SLG   Document 5   Filed 12/12/23   Page 13 of 16

factual basis. An amended complaint must set out each claim for relief separately. Each claim should identify (1) the specific injury that the plaintiff is alleging has occurred, (2) when that injury occurred, (3) where that injury was caused, and (4) who the plaintiff is alleging caused that specific injury.

**IT IS THEREFORE ORDERED:**

1. Plaintiff's Complaints filed in all five cases at Docket 1 are **DISMISSED** for failing to state a claim upon which relief could be granted. The Court grants Plaintiff leave to file amended complaints in Case Nos. 3:23-cv-00199-SLG and 3:23-cv-00200-SLG only, in accordance with the guidance provided in this order.

2. The Complaints in Case Nos. 3:23-cv-00209-SLG, 3:23-cv-00214-SLG, and 3:23-cv-00215-SLG are each **DISMISSED without leave to amend.** Any pending motions in these cases are **DENIED as moot.** The Clerk of Court shall issue a final judgment in each of these three cases.

3. Plaintiff is accorded **30 days** from the date of this order to file **one of the following in Case Nos. 3:23-cv-00199-SLG and 3:23-cv-00200-SLG only**:

    A. <u>First Amended Complaint</u>, in which Plaintiff restates the claims to address the deficiencies identified in this order. An amended complaint should be on the Court's form, which is being provided to Plaintiff with this order; **OR**

Case No. 3:23-cv-00199-SLG, *Carter v. Department of Corrections*
Case No. 3:23-cv-00200-SLG, *Carter v. Anchorage Police Department*
Case No. 3:23-cv-00209-SLG, *Carter v. District Court of Anchorage*
Case No. 3:23-cv-00214-SLG, *Carter v. District Court of Anchorage*
Case No. 3:23-cv-00215-SLG, *Carter v. Denali Law Group*
Screening Order
Page 14 of 16

Case 3:23-cv-00200-SLG   Document 5   Filed 12/12/23   Page 14 of 16

B. <u>Notice of Voluntary Dismissal</u>, in which Plaintiff elects to close and end the case.

4. If Plaintiff does not file either an Amended Complaint or Notice of Voluntary Dismissal on the Court form **within 30 days in Case No. 3:23-cv-00199-SLG and Case No. 3:23-cv-00200-SLG,** the case may be dismissed under 28 U.S.C. § 1915(e)(2)(B) without further notice to Plaintiff.

5. Plaintiff's applications to waive the filing fee in Case Nos. 3:23-cv-00199-SLG and 3:23-cv-00200-SLG are both **GRANTED.**

6. Self-represented litigants are expected to review and comply with the Federal Rules of Civil Procedure, the Local Civil Rules, and all Court orders.[45] Failure to do so may result in the imposition of sanctions authorized by law, including dismissal of the action.

7. Self-represented litigants must be ready to diligently pursue each case to completion. Missing a deadline or otherwise failing to pursue a case may result in the dismissal of the action.

8. At all times, all parties shall keep the Court informed of any change of address or phone number. Such notice shall be titled "Notice of Change of Address."

---

[45] Federal Rules of Civil Procedure: https://www.uscourts.gov/rules-policies/current-rules-practice-procedure/federal-rules-civil-procedure; Court's Local Rules: https://www.akd.uscourts. gov/court-info/local-rules-and-orders/local-rules.

Case No. 3:23-cv-00199-SLG, *Carter v. Department of Corrections*
Case No. 3:23-cv-00200-SLG, *Carter v. Anchorage Police Department*
Case No. 3:23-cv-00209-SLG, *Carter v. District Court of Anchorage*
Case No. 3:23-cv-00214-SLG, *Carter v. District Court of Anchorage*
Case No. 3:23-cv-00215-SLG, *Carter v. Denali Law Group*
Screening Order
Page 15 of 16
Case 3:23-cv-00200-SLG   Document 5   Filed 12/12/23   Page 15 of 16

The Notice shall contain only information about the change of address, and its effective date.[46] The Notice shall not include requests for any other relief. A Notice of Change of Address form, PS23, may be obtained from the Clerk of Court, if needed. If a plaintiff fails to keep a current address on file with the Court, that may result in a dismissal of the case without further notice to Plaintiff.

9. With this order, the Clerk is directed to send: (1) two PS01 forms, with "FIRST AMENDED" written above the title "Non-Prisoner's Complaint for Violations of the Civil Rights" on each; (2) two PS09 forms, Notice of Voluntary Dismissal; and (3) form PS23, Notice of Change of Address.

DATED this 12th day of December, 2023 at Anchorage, Alaska.

*/s/ Sharon L. Gleason*
UNITED STATES DISTRICT JUDGE

---

[46] *See* Local Civil Rule 11.1(b) (requiring a notice of change of address to be filed, as "[s]elf-represented parties must keep the court and other parties advised of the party's current address and telephone number.").

Case No. 3:23-cv-00199-SLG, *Carter v. Department of Corrections*
Case No. 3:23-cv-00200-SLG, *Carter v. Anchorage Police Department*
Case No. 3:23-cv-00209-SLG, *Carter v. District Court of Anchorage*
Case No. 3:23-cv-00214-SLG, *Carter v. District Court of Anchorage*
Case No. 3:23-cv-00215-SLG, *Carter v. Denali Law Group*
Screening Order
Page 16 of 16

Case 3:23-cv-00200-SLG   Document 5   Filed 12/12/23   Page 16 of 16