# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| LEGACY CARTER,<br><br>      Plaintiff,<br>  v.<br><br>THE ANCHORAGE POLICE DEPARTMENT,<br><br>      Defendant. | Case No. 3:23-cv-00200-SLG<br>Case No. 3:24-cv-00004-SLG<br>Case No. 3:24-cv-00014-SLG |

## **SCREENING ORDER AND ORDER CONSOLIDATING CASES**

On December 12, 2023, the Court screened the Complaint filed by self-represented litigant Legacy Carter ("Plaintiff") in Case No. 3:23-cv-00200-SLG, found it to be deficient, but granted Plaintiff leave to file an amended complaint in that case.[1] The order instructed Plaintiff on how to file an amended complaint in that existing case, using that case number, Case No. 3;23-cv-00200-SLG, in the case caption. On December 22, 2023, Plaintiff filed a "Notice to the Court" in Case No. 3:23-cv-00200-SLG, which included page 4 of a police report dated May 30, 2022, which Plaintiff indicated was intended to be discovery for a "case against APD."[2]

Then, on January 3, 2024, Plaintiff filed another complaint against the Anchorage Police Department regarding the same alleged incident on May 30, 2022, that was docketed by the Clerk's office as a new case, Case No. 3:24-cv-00004-SLG.

---

[1] Case No. 3:23-cv-00200-SLG, Docket 5.

[2] Docket 6.

And on January 9, 2024, the Court received yet another complaint from Plaintiff against the Anchorage Police Department that was also docketed by the Clerk's office as a new case, Case No. 3:24-cv-00014-SLG.

## CONSOLIDATING CASES

Under Rule 42(a) of the Federal Rules of Civil Procedure, consolidation is appropriate "[i]f actions before the court involve a common question of law or fact." A court may consolidate cases involving the same factual or legal issues, and also, has the "inherent power to control the disposition of the causes on its docket in a manner which will promote economy of time and effort for itself, for counsel, and for litigants."[3] Because all three of the above-captioned cases involve common questions of fact, they shall be consolidated. All future filings by Plaintiff related to the May 30, 2022 incident shall be made in the lead case, Case No. 3:23-cv-00200-SLG, only.

## DISCUSSION

In each of the three consolidated complaints, Plaintiff claims to have been injured during an alleged incident with the Anchorage police officers on May 30, 2022. The Court previously provided Plaintiff with guidance on the requirements for stating a claim for relief under 42 U.S.C. § 1983 ("Section 1983") and refers Plaintiff to its December 12, 2023, Screening Order in Case No. 3:23-cv-00200-SLG, another copy

---

[3] *Landis v. North Am. Co.*, 299 U.S. 248, 254–55 (1936); *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962) (same).

Case No. 3:23-cv-00200-SLG, *Carter v. Anchorage Police Department*
Case No. 3:24-cv-00004-SLG, *Carter v. Anchorage Police Department*
Case No. 3:24-cv-00014-SLG, *Carter v. Anchorage Police Department*
Screening Order
Page 2 of 10
Case 3:23-cv-00200-SLG   Document 8   Filed 01/25/24   Page 2 of 10

of which is included with this order for Plaintiff's convenience. Specifically, that order informed Plaintiff that the Anchorage Police Department is not a proper defendant for Plaintiff's claims of excessive force by APD officers. Rather, Plaintiff must name either the indivdual officer(s) that Plaintiff alleges caused the injuries, and/or the Municipality of Anchorage, if Plaintiff is asserting that a specific policy of the Municipality caused the injuries. None of Plaintiff's complaints regarding the May 30, 2022, incident name a proper defendant. Plaintiff will be accorded additional 30 days to file an amended complaint in Case No. 3:23-cv-00200 that names one or more proper defendants.

This order provides additional guidance to Plaintiff in how to state a viable claim in federal court under Section 1983.

I. **Statute of Limitations**

In Case No. 3:24-cv-00014-SLG, Plaintiff appears to attempt to also state a claim that the police caused Plaintiff mental health issues and distrust when the police arrested Plaintiff's mother for suspected prostitution when Plaintiff was a baby.[4] Presumably, this claim centers around Plaintiff's placement into foster care, similar to the claims against other defendants raised by Plaintiff that were dismissed for lack of prosecution in *Carter v. State of Alaska, et al.,* Case No. 3:23-cv-00126-SLG. In any event, absent a basis for tolling, any Section 1983 claims based on occurrences

---

[4] Case No. 3:24-cv-00014-SLG, Docket 2 at 3.

Case No. 3:23-cv-00200-SLG, *Carter v. Anchorage Police Department*
Case No. 3:24-cv-00004-SLG, *Carter v. Anchorage Police Department*
Case No. 3:24-cv-00014-SLG, *Carter v. Anchorage Police Department*
Screening Order
Page 3 of 10

from prior to two years before this case was filed are time-barred by the State of Alaska's two-year statute of limitations.

## II. The Anchorage Police Department is Not a Proper Defendant

The Court has previously informed Plaintiff that a municipal police department such as the Anchorage Police Department is not a "person" within the meaning of Section 1983.[5] To the extent Plaintiff seeks to sue the Municipality of Anchorage, Plaintiff's latest two complaints do not plausibly allege any facts that, if proven, would demonstrate that the Municipality of Anchorage maintained a policy or custom that resulted in the violation of Plaintiff's federal constitutional rights on May 30, 2022, or explain how Plaintiff's injuries were caused by a specific municipal policy or custom. For these reasons, each of Plaintiff's new complaints fails to state a claim against the Anchorage Police Department or the Municipality of Anchorage and must therefore be dismissed.

## III. Excessive Force Claims Against Individual Officers

A plaintiff may file a claim against a police officer or officers, so long as a successful civil rights action would not necessarily imply the invalidity of a criminal conviction. Plaintiff has filed documentation suggesting that no charges were pursued against Plaintiff after the alleged incident on May 30, 2022.[6] Therefore,

---

[5] Case No. 3:23-cv-00200-SLG, Docket 5 at 5, 8.

[6] Docket 4-1 at 3.

Case No. 3:23-cv-00200-SLG, *Carter v. Anchorage Police Department*
Case No. 3:24-cv-00004-SLG, *Carter v. Anchorage Police Department*
Case No. 3:24-cv-00014-SLG, *Carter v. Anchorage Police Department*
Screening Order
Page 4 of 10
Case 3:23-cv-00200-SLG   Document 8   Filed 01/25/24   Page 4 of 10

Plaintiff's claims do not appear to be barred by *Heck*.[7] However, Plaintiff still fails to name any individual officers as defendants or provide facts that could support a plausible excessive force claim upon which relief could be granted.

Plaintiff claims to have watched the police "escalate an issue" and was injured during Plaintiff's alleged attempt to help deescalate the situation.[8] However, the included police report describes a struggle involving a knife that resulted in a "small abrasion" on Plaintiff's face.[9] According to the report, Plaintiff's left ear felt bruised, but Plaintiff refused medical attention.[10] Plaintiff appears to have been subsequently arrested for "interference [and] resistance with force."[11] Although the prosecutor appears to have later declined to pursue those charges, Plaintiff does not plead sufficient facts to state a plausible claim for damages for this alleged injury.

Law enforcement officers may only use an amount of force that is "objectively reasonable in light of the facts and circumstances confronting them, without regard

---

[7] *Heck v. Humphrey,* 512 U.S. 477 (1994) (holding a section 1983 action may not proceed if its success would "necessarily require the plaintiff to prove the unlawfulness of his conviction."). *But see Price v. Galiu,* 723 F. App'x 557 (9th Cir. 2018) (explaining the allegations in the complaint were "not sufficient to show that his excessive force claim is distinct from the incident that led to his conviction for resisting an officer.").

[8] Case No. 3:24-cv-00004-SLG, Docket 4-1 at 4. *See also* Case No. 3:23-cv-00200-SLG, Docket 1 at 3 (alleging his ribs were injured).

[9] Case No. 3:23-cv-00200-SLG, Docket 6.

[10] Case No. 3:24-cv-00004-SLG, Docket 1-1.

[11] Case No. 3:24-cv-00004-SLG, Docket 4 at 3.

Case No. 3:23-cv-00200-SLG, *Carter v. Anchorage Police Department*
Case No. 3:24-cv-00004-SLG, *Carter v. Anchorage Police Department*
Case No. 3:24-cv-00014-SLG, *Carter v. Anchorage Police Department*
Screening Order
Page 5 of 10
Case 3:23-cv-00200-SLG   Document 8   Filed 01/25/24   Page 5 of 10

to their underlying intent or motivation."[12] A court must balance "the nature and quality of the intrusion on the individual's Fourth Amendment interests against the countervailing governmental interests at stake."[13] The governmental interest is measured by considering factors including:

(i) the severity of the crime at issue;

(ii) whether the suspect posed an immediate threat to the safety of the officers or others; and

(iii) whether the suspect was actively resisting arrest or attempting to evade arrest by flight.[14]

"The 'reasonableness' of a particular use of force must be judged from the perspective of a reasonable officer on the scene, rather than with the 20/20 vision of hindsight."[15] Further, the "analysis is not static, and the reasonableness of force may

---

[12] *Graham v. Connor,* 490 U.S. 386, 397 (1989).

[13] *Id.* at 396.

[14] *Id.* at 394.

[15] *Graham*, 490 U.S. at 396; *see Kingsley v. Hendrickson*, 576 U.S. 389, 397 (2015); *see also Demarest v. City of Vallejo*, 44 F.4th 1209, 1226 (9th Cir. 2022) ("[A]n 'officer's use of force cannot be deemed excessive based on facts that he [or she] reasonably would not have known or anticipated.'").

Case No. 3:23-cv-00200-SLG, *Carter v. Anchorage Police Department*
Case No. 3:24-cv-00004-SLG, *Carter v. Anchorage Police Department*
Case No. 3:24-cv-00014-SLG, *Carter v. Anchorage Police Department*
Screening Order
Page 6 of 10
Case 3:23-cv-00200-SLG   Document 8   Filed 01/25/24   Page 6 of 10

change as the circumstances evolve."[16] An officer's subjective intent or motivation is not relevant to the reasonableness inquiry.[17]

## CONCLUSION

Plaintiff is accorded 30 days from the date of this order to file an amended complaint in Case No. 3:23-cv-00200. To plausibly allege an excessive force claim, an amended complaint must name each individual defendant and describe where, how, and under what circumstances Plaintiff was injured on May 30, 2022, by one or more police officers. The Anchorage Police Department is not a proper defendant for a Section 1983 action and must not be included as a defendant in an amended complaint. An amended complaint replaces the prior complaint in its entirety.[18] The Municipalit of Anchorage should only be included as a defendant if Plaintiff is asserting that a specific munipcal policy was the driving force of Plaintiff's injury. Any claim not included in the amended complaint will be considered waived. However, an amended complaint need only contain a "short and plain statement of the claim showing that the pleader is entitled to relief."[19]

---

[16] *Hyde v. City of Willcox*, 23 F.4th 863, 870 (9th Cir. 2022); *see also Andrews v. City of Henderson*, 35 F.4th 710, 715 (9th Cir. 2022) ("All determinations of unreasonable force must embody allowance for the fact that police officers are often forced to make split-second judgments—in circumstances that are tense, uncertain, and rapidly evolving— about the amount of force that is necessary in a particular situation." (internal quotation marks omitted)).

[17] *See Graham*, 490 U.S. at 397; *Shafer v. County of Santa Barbara*, 868 F.3d 1110, 1116 (9th Cir. 2017).

[18] *See* Fed. R. Civ. P. 15; Local Civil Rule 15.1.

[19] Fed. R. Civ. P. 8(a)(2).

Case No. 3:23-cv-00200-SLG, *Carter v. Anchorage Police Department*
Case No. 3:24-cv-00004-SLG, *Carter v. Anchorage Police Department*
Case No. 3:24-cv-00014-SLG, *Carter v. Anchorage Police Department*
Screening Order
Page 7 of 10

Case 3:23-cv-00200-SLG   Document 8   Filed 01/25/24   Page 7 of 10

**IT IS THEREFORE ORDERED:**

1. The above three above-captioned cases are CONSOLIDATED. All future filings related to the incident on May 30, 2022 involving Plaintiff shall be made only in Case No. 3:23-cv-00200-SLG.

2. The Court grants Plaintiff one final leave to file an amended complaint in Case No. 3:23-cv-00200-SLG that is in accordance with the guidance provided in the Court's orders.

3. Plaintiff is accorded **30 days** from the date of this order to file in Case No. 3:23-cv-00200-SLG either:

    a. <u>Amended Complaint</u>, in which Plaintiff restates the claims to address the deficiencies identified in this order. An amended complaint should be on the Court's form, which is being provided to Plaintiff with this order; **OR**

    b. <u>Notice of Voluntary Dismissal</u>, in which Plaintiff elects to close and end the case.

4. If Plaintiff does not file either an Amended Complaint or Notice of Voluntary Dismissal on the Court form in Case No. 3:23-cv-00200-SLG **within 30 days,** these three consolidated cases may all be dismissed under 28 U.S.C. § 1915(e)(2)(B) without further notice to Plaintiff.

Case No. 3:23-cv-00200-SLG, *Carter v. Anchorage Police Department*
Case No. 3:24-cv-00004-SLG, *Carter v. Anchorage Police Department*
Case No. 3:24-cv-00014-SLG, *Carter v. Anchorage Police Department*
Screening Order
Page 8 of 10

Case 3:23-cv-00200-SLG   Document 8   Filed 01/25/24   Page 8 of 10

5. Self-represented litigants are expected to review and comply with the Federal Rules of Civil Procedure, the Local Civil Rules, and all Court orders.[20] Failure to do so may result in the imposition of sanctions authorized by law, including dismissal of the action.

6. Self-represented litigants must be ready to diligently pursue each case to completion. Missing a deadline or otherwise failing to pursue a case may result in the dismissal of the action.

7. At all times, all parties shall keep the Court informed of any change of address or phone number. Such notice shall be titled "Notice of Change of Address." The Notice shall contain only information about the change of address, and its effective date.[21] The Notice shall not include requests for any other relief. A Notice of Change of Address form, PS23, may be obtained from the Clerk of Court, if needed. If a plaintiff fails to keep a current address on file with the Court, that may result in a dismissal of the case without further notice to Plaintiff.

8. With this order, the Clerk is directed to send: (1) form PS15, Non-Prisoner's Complaint for Violations of the Civil Rights with " AMENDED" written above the title and Case No 3:23-cv-00200 identified in the caption as the case number; (2)

---

[20] Federal Rules of Civil Procedure: https://www.uscourts.gov/rules-policies/current-rules-practice-procedure/federal-rules-civil-procedure; Court's Local Rules: https://www.akd.uscourts. gov/court-info/local-rules-and-orders/local-rules.

[21] *See* Local Civil Rule 11.1(b) (requiring a notice of change of address to be filed, as "[s]elf-represented parties must keep the court and other parties advised of the party's current address and telephone number.").

Case No. 3:23-cv-00200-SLG, *Carter v. Anchorage Police Department*
Case No. 3:24-cv-00004-SLG, *Carter v. Anchorage Police Department*
Case No. 3:24-cv-00014-SLG, *Carter v. Anchorage Police Department*
Screening Order
Page 9 of 10
Case 3:23-cv-00200-SLG   Document 8   Filed 01/25/24   Page 9 of 10

form PS09 forms, Notice of Voluntary Dismissal; (3) form PS23, Notice of Change of Address; and (4) a copy of the Court's Screening Order at Docket 5 in Case No. 3:23-cv-000200-SLG.

DATED this 25th day of January, 2024.

/s/ Sharon L. Gleason
UNITED STATES DISTRICT JUDGE

Case No. 3:23-cv-00200-SLG, *Carter v. Anchorage Police Department*
Case No. 3:24-cv-00004-SLG, *Carter v. Anchorage Police Department*
Case No. 3:24-cv-00014-SLG, *Carter v. Anchorage Police Department*
Screening Order
Page 10 of 10
Case 3:23-cv-00200-SLG   Document 8   Filed 01/25/24   Page 10 of 10