# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| LEGACY CARTER,<br><br>              Plaintiff,<br>   v.<br><br>THE ANCHORAGE POLICE DEPARTMENT,<br><br>              Defendant. | Case No. 3:23-cv-00200-SLG<br>Case No. 3:24-cv-00004-SLG<br>Case No. 3:24-cv-00014-SLG |

## ORDER OF DISMISSAL

On December 12, 2023, the Court screened the Complaint filed by self-represented litigant Legacy Carter ("Plaintiff") in Case No. 3:23-cv-00200-SLG, found it to be deficient, but granted Plaintiff leave to file an amended complaint in that case.[1] On January 25, 2024, the Court consolidated the three above-captioned cases and provided Plaintiff with "one final leave to file an amended complaint in Case No. 3:23-cv-00200-SLG that is in accordance with the guidance provided in the Court's orders."[2] To date, Plaintiff has not responded.

Rule 41(b) of the Federal Rules of Civil Procedure permits dismissal due to a plaintiff's failure to prosecute or comply with a court order. In deciding whether to dismiss on this basis, a district court considers five factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3)

---

[1] Docket 5.

[2] Docket 8.

the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions."[3]

Considering these factors, these consolidated cases must be dismissed with prejudice. Given Plaintiff's repeated failures to comply with the Court's orders, the Court finds no other lesser sanction to be satisfactory or effective.[4]

**IT IS THEREFORE ORDERED:**

1. These consolidated cases are **DISMISSED with prejudice**.

2. All pending motions are **DENIED as moot.**

3. The Clerk of Court shall issue a final judgment in each of the above-captioned cases.

DATED this 11th day of March, 2024, at Anchorage, Alaska.

*/s/ Sharon L. Gleason*
UNITED STATES DISTRICT JUDGE

---

[3] *Hernandez v. City of El Monte*, 138 F.3d 393, 399 (quoting *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986).

[4] *See, e.g., Henderson,* 779 F.2d at 1424 (a district court need not exhaust every sanction short of dismissal before finally dismissing a case but must explore possible and meaningful alternatives) (internal citation omitted); *Gleason v. World Sav. Bank, FSB*, 2013 WL 3927799, at *2 (N.D. Cal. July 26, 2013) (finding dismissal under Rule 41(b) appropriate where the court previously attempted the lesser sanction of issuing an order to show cause and giving the plaintiff an additional opportunity to re-plead).

Case No. 3:23-cv-00200-SLG, *Carter v. Anchorage Police Department*
Case No. 3:24-cv-00004-SLG, *Carter v. Anchorage Police Department*
Case No. 3:24-cv-00014-SLG, *Carter v. Anchorage Police Department*
Order of Dismissal
Page 2 of 2

Case 3:23-cv-00200-SLG   Document 10   Filed 03/11/24   Page 2 of 2